UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARSHALL REEDOM, JR. | CIVIL ACTION NO. 6:12-CV-02037 |
| VERSUS | JUDGE DOHERTY |
| SHERIFF LOUIS M. ACKAL, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

This lawsuit was brought by Marshall Reedom, Jr., who alleges that the defendants violated certain federal statutes and constitutional protections when investigating an accident in which his brother, Robert Reedom, was allegedly injured. Although the plaintiff seeks to recover damages, the lawsuit arises out of wrongs allegedly visited upon his brother and not himself. For that reason, explained in greater detail below, the undersigned finds that the plaintiff lacks standing to bring this lawsuit and that this Court therefore lacks jurisdiction over this action. Accordingly, the undersigned recommends that this lawsuit be dismissed without prejudice.

### BACKGROUND

In this lawsuit, which the plaintiff filed without the assistance of counsel, the plaintiff alleges that his brother, Robert Reedom, was involved in a motor vehicle

accident in which he was seriously injured and left disabled for life. He alleges that, because his brother is African-American, the accident was not properly investigated. The plaintiff sued Iberia Parish Sheriff Louis M. Ackal as well as the Iberia Parish Sheriff's Department and Lt. Farrell Bonin, who appears to be an employee of the sheriff's department.

Defendants Ackal and Bonin answered the complaint and raised the defense of qualified immunity. The undersigned then reviewed the complaint under *Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), and ordered the plaintiff to file a reply to the qualified immunity defense, alleging with specificity the constitutional rights that were violated, the facts that support those allegations, the persons involved in the alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

The plaintiff complied with the order and submitted a brief (Rec. Doc. 19), in which he set forth additional factual allegations but did not address whether defendants Ackal and Bonin are entitled to qualified immunity. In his brief, the plaintiff alleges that his brother, Robert Reedom, was involved in a motor vehicle accident on March 26, 2012 that left him a T-4 quadriplegic. The plaintiff broadly alleges that, because his brother is African-American, the accident was not properly investigated. More specifically, the plaintiff alleges that the first sheriff's deputy on

the scene started a preliminary investigation that was never finished. He further alleges that this deputy is no longer employed by the sheriff's department, and questions why that is. The plaintiff also alleges that no one interviewed the motorists involved in the accident, that the report was signed by a sheriff's deputy who was not on the scene, and that defendant Bonin tampered with the accident report. He further alleges that all of this occurred for racially discriminatory reasons, that Sheriff Ackal allows discrimination against African-Americans, and that Sheriff Ackal has a conflict of interest because his family does business with State Farm Insurance Company. The plaintiff claims that "these discriminatory practices are deeply rooted in a culture that begins with Sheriff Ackal and permeates the entire agency in so far as automobile injuries are concerned." (Rec. Doc. 19 at 3). The plaintiff alleges that certain federal statutes and constitutional guarantees were violated, but he does not explain, in the complaint or in the reply to the qualified immunity defense, how the cited statutes afford him a personal basis for recovery. Further, the plaintiff does not allege that he has brought the lawsuit in a representative capacity for his brother nor does he assert his brother's right to recover under any cited statute or constitutional provision.

## ANALYSIS

Standing is a jurisdictional question,[1] the lack of which cannot be waived.[2] Therefore, although the defendants have not raised the issue of standing, the Court is obligated to raise the issue *sua sponte*.[3] The party invoking federal-court jurisdiction has the burden of establishing the elements for standing.[4] In this case, the plaintiff must bear that burden because he filed his complaint in federal court. Consequently, as a threshold matter, this Court must consider the plaintiff's standing to bring a claim alleging racial discrimination suffered by his brother. If the plaintiff lacks standing, this Court does not have authority to consider the merits of his claims.[5]

The doctrine of standing assures that courts issue rulings in the context of concrete disputes in which plaintiffs have an actual stake in the outcome of the

---

[1] *Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 496 n. 1 (5th Cir. 2007); *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989).

[2] *Lewis v. Ascension Parish School Board*, 662 F.3d 343, 347 (5th Cir. 2011); *Doe v. Tangipahoa Parish School Board*, 494 F.3d at 496 n. 1.

[3] *Doe v. Tangipahoa Parish School Board*, 494 F.3d at 496 n. 1; *Ford v. Nylcare Health Plans of the Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002); *Henderson v. Stalder*, 287 F.3d 374, 379 n. 5 (5th Cir. 2002).

[4] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

[5] *Brown v. LeBlanc*, No. 09-1477-P, 2013 WL 1947180, at *10 (W.D. La. Mar. 27, 2013). See, also, *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996).

lawsuit.[6] Under Article III, Section 2 of the United States Constitution, jurisdiction of the federal courts is confined to "cases" and "controversies." To establish that he has standing, a litigant must satisfy three elements. First, the plaintiff must have suffered an injury in fact, i.e., an invasion of a legally-protected interest that is concrete, particularized, actual or imminent and neither conjectural nor hypothetical.[7] Second, there must be a causal connection between the injury and the aggrieving conduct. In other words, the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.[8] Third, it must be likely rather than speculative that the injury will be redressed by a favorable decision.[9] In other words, "[c]onstitutional standing requires that the plaintiff personally suffered some actual or threatened injury that can fairly be traced to the challenged action and is redressable by the courts."[10] In this case, however, the plaintiff has not established that he has personally sustained an injury caused by the defendants, since his claims relate solely to alleged injuries to his brother through the actions of the defendants named in the suit.

---

[6] *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972).

[7] *Lujan v. Defenders of Wildlife*, 504 U.S. at 560.

[8] *Lujan v. Defenders of Wildlife*, 504 U.S. at 560.

[9] *Lujan v. Defenders of Wildlife*, 504 U.S. at 561.

[10] *Doe v. Tangipahoa Parish School Board*, 494 F.3d at 496.

Beyond the minimum requirements for constitutional standing, "certain court-created requirements for standing exist, ones arising from judicial prudence and not from the constitution. The one potentially relevant here is usually called 'third party standing,' or more descriptively, that litigants must assert their own legal rights and not those of others."[11] The Fifth Circuit has held that persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, and not the rights of others.[12]

In this case, however, the plaintiff has not alleged that he was denied any constitutional protection because of his race or that the defendants violated any federal statute in connection with his activities. He has alleged only that the defendants violated federal statutes in dealing with his brother's automobile accident and that his brother's constitutional rights were violated.

Even though the complaint and the plaintiff's response to the undersigned's briefing order are liberally construed and held to less stringent standards than those filed by parties who are represented by counsel,[13] the plaintiff has failed to meet his

---

[11] *Service Employees Intern. Union, Local 5 v. City of Houston*, 595 F.3d 588, 598 (5th Cir. 2010) (internal citations omitted).

[12] *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986).

[13] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

burden of establishing that he has standing to bring the claim set forth in his complaint.

Accordingly, the undersigned finds that the plaintiff lacks standing to bring a claim regarding the racial discrimination allegedly suffered by his brother. The plaintiff has not shown that he has a legally protected interest or that he has suffered an injury in fact. He has, therefore, failed to show that he has standing to pursue the claims that allege harm to his brother rather than to himself. Without standing, his claims are legally frivolous and fail to state a claim for which relief can be granted. Accordingly, the undersigned recommends that the plaintiff's claims be dismissed without prejudice.

## CONCLUSION

Having found that the plaintiff lacks standing to bring the claim set forth in his complaint, the undersigned recommends that this lawsuit be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 7th, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE